# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08364-SVW-FFM | Date | January 14, 2019 |
|---|---|---|---|

| Title | *Patrick Loughlin v. Sunset Bronson Services, LLC et al.* |
|---|---|

## JS-6

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

## I.    Introduction and Background

On August 22, 2018, Plaintiff Patrick Loughlin filed the instant suit against Defendants Sunset Bronson Services, LLC, Hudson Pacific Properties, Inc., Sunset Bronson Studios, Jason Muter, and Jeremy Jacobs. Dkt. 1-2. Plaintiff asserts claims against Defendants for: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA") pursuant to Cal. Gov't Code §§ 12900, *et seq.*; (2) failure to prevent age discrimination and harassment pursuant to Cal. Gov't Code §§ 12940(j) and (k); (3) wrongful termination in violation of public policy pursuant to Cal. Gov't Code §§ 12940, *et seq.*; (4) wrongful termination in violation of public policy under the California Constitution; (5) intentional infliction of emotional distress; and (6) retaliation pursuant to Cal. Gov't Code §§ 12940, *et seq.* The crux of Plaintiff's allegations is that Plaintiff, a 52-year-old man, faced discrimination and ultimately was forced to leave his job due to Defendants' issue with his age. *See, e.g.*, Dkt. 1-2 at ¶¶ 14-15, 26.

On September 27, 2018, Defendants removed the action to this Court. Dkt. 1. The sole alleged basis for removal was federal-question jurisdiction on the ground that the state-law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.* On November 14, 2018, Plaintiff filed a motion to remand this action to state court. Dkt. 12.[1]

---

[1]    This filing is entirely unpersuasive. Among other deficiencies, Plaintiff: (1) misstates the names of Defendants; (2)

Initials of Preparer    : 

PMC

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08364-SVW-FFM | Date | January 14, 2019 |
|---|---|---|---|
| Title | *Patrick Loughlin v. Sunset Bronson Services, LLC et al.* | | |

## II.    Legal Standards

### A.    Removal

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

### B.    LMRA Preemption

In some cases, Section 301 of LMRA has such "preemptive force . . . as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983) (quotation marks omitted). Indeed, preemption of state law causes of action has been extended to apply in some contexts to lawsuits that do not allege contract violations. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985).

In *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007), the Ninth Circuit detailed a two-step approach for determining whether state law causes of action are preempted by the LMRA. The first step is "an inquiry whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective-bargaining agreement ("CBA")]." *Id.* at 1059. If the right

---

mistakenly alleges that Defendants removed on the basis of diversity jurisdiction, the Class Action Fairness Act, preemption under the Railway Labor Act, and preemption under the Airline Deregulation Act; (3) states inconsistent amounts of money that it seeks in sanctions (or possibly attorneys' fees—it is not clear) from Defendants; and (4) improperly cites cases regarding wage-and-hour violations, which are not at issue here. Indeed, less than two pages of this thirteen-page brief are at all relevant to this case, and those pages are filled with conclusory statements and lack substantive analysis.

Initials of Preparer

:

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08364-SVW-FFM | Date | January 14, 2019 |
|---|---|---|---|

| Title | *Patrick Loughlin v. Sunset Bronson Services, LLC et al.* |
|---|---|

"exists solely as a result of the CBA, then the claim is preempted" by the LMRA. *Id.* However, if the right does not exist solely as a result of the CBA, then courts must proceed to the second step: determining whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* If the claim is substantially dependent on an analysis of a CBA, then the claim is preempted; if not, then the claim "can proceed under state law." *Id.* at 1059-60.

Under the second step, to determine whether a state law right is "substantially dependent" on the terms of a CBA, courts must distinguish between two circumstances: (1) whether a claim requires a court to *interpret* a CBA, and (2) whether it requires a court to *look to* a CBA. *Burnside*, 491 F.3d at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). In the case of the former, the claim is preempted; in the case of the latter, it is not. *Id.* "Although the 'look to'/'interpret' distinction is not always clear or amenable to a bright-line test," *id.*, the Ninth Circuit has provided some guidance. For example, it has held that, in the context of LMRA preemption, "the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016). Furthermore, the "simple need to refer to bargained-for wage rates in computing a penalty" is not enough to warrant preemption. *Burnside*, 491 F.3d at 1060. In addition, "in cases presenting the question whether the plaintiff's union bargained away the state law right at issue[,] a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights . . . ." *Id.* (internal citation and quotation marks omitted).

Aside from the *Burnside* analysis, the Ninth Circuit has, on occasion, held particular rights at issue to be conferred as a matter of state law and independent of CBAs. In other words, courts have established per se rules regarding LMRA preemption in the context of specific types of claims. For example, the Ninth Circuit has held that the LMRA does not preempt age discrimination claims. *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989) ("Chmiel's age discrimination claim . . . is not preempted by section 301. . . . California's age discrimination law is a nonnegotiable right . . ."). District courts in our circuit have followed the Ninth Circuit's clear guidance. *See, e.g.*, *Klausen v. Warner Bros. Television*, 158 F. Supp. 3d 925, 930-31 (C.D. Cal. 2016).

**III.  Discussion**

Defendants contend that federal-question jurisdiction exists in this case pursuant to Section 301

Initials of Preparer          PMC

CIVIL MINUTES - GENERAL          Page 3 of 4

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08364-SVW-FFM | Date | January 14, 2019 |
|---|---|---|---|
| Title | *Patrick Loughlin v. Sunset Bronson Services, LLC et al.* | | |

of the LMRA because the claims will require this Court to interpret the provisions of the relevant CBA. In particular, they state that "the dispute over the interpretation of the CBA appears on the face of Plaintiff's complaint, as Plaintiff concedes that the CBA controls the process for the resolution of the claims made here." Dkt. 17 at 2.

However, Defendants' allegations that the claims require interpretation of the CBA are entirely conclusory. Defendants point to no specific provision in the CBA that requires interpretation or is subject to dispute. Rather, Defendants seem to believe that the mere existence of a CBA is itself a sufficient ground for preemption—but this is not so. *Klausen*, 158 F. Supp. 3d at 933 ("[W]hile a court may have cause to refer to the CBA in resolving plaintiff's claims, that is insufficient to trigger preemption under section 301. The Ninth Circuit has drawn a distinction between cases that merely require a court to reference or consider the terms of a CBA and those which are preempted because they actually require a court to interpret the terms of a CBA."). Defendants' argument that the CBA is relevant because Plaintiff failed to exhaust his grievance procedure for discrimination claims is a federal defense, and a federal defense cannot give rise to removal, even if it is "anticipated in the plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). In sum, the "instant case falls squarely within the line of cases holding that resolution of FEHA claims does not require a court to interpret the terms of a CBA." *Klausen*, 158 F. Supp. 3d at 931. Consequently, LMRA preemption does not apply.

Because Defendants do not allege any source of subject-matter jurisdiction other than LMRA preemption, the Court concludes that Defendants have failed to carry their burden and the Court lacks subject-matter jurisdiction.

**IV.    Conclusion**

The Court GRANTS Plaintiff's motion and REMANDS the case to state court.

IT IS SO ORDERED.

Initials of Preparer                    :

PMC